IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., and DENISE PAYNE | *  *  * |
| Plaintiffs, | * |
| v. | *  Civil Action No. RDB 12-3223 |
| MILLBANK HOTEL PARTNERS and MILLBANK PARTNERS | *  * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Plaintiffs National Alliance for Accessibility, Inc., and Denise Payne have brought an action seeking a declaratory judgment and injunctive relief against Defendants Millbank Hotel Partners and Millbank Partners. Plaintiffs allege that a Best Western Hotel owned by Defendants is not in compliance with the accessibility requirements of the Americans with Disabilities Act ("ADA") for public accommodations, 42 U.S.C. § 12181, *et seq*. (ECF No. 13). Defendants have filed a motion to dismiss Plaintiffs' Complaint on the grounds that they lack standing and have failed to state a claim upon which relief can be granted. (ECF No. 15).

The Court has reviewed the submissions by both parties and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED and Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff National Alliance for Accessibility, Inc., ("NAA") is a non-profit entity incorporated in Florida. Pls.' Am. Compl. ¶ 2, ECF No. 13. Its members include persons with disabilities as defined by

1

the Americans with Disabilities Act ("ADA"),[1] and its stated purpose is to ensure ADA compliance in places of public accommodation. *Id.* ¶ 9. Plaintiff Denise Payne ("Payne") is a resident of Florida and a member of NAA. *Id.* ¶ 6, 8. Payne has cerebral palsy, which the ADA recognizes as a disability, and must use a wheelchair. *Id.* ¶ 6. Millbank Hotel Partners and Millbank Partners ("Defendants") own and operate a Best Western Hotel ("Best Western"), located on Riva Road in Annapolis, Maryland. *Id.* ¶ 3.

Plaintiffs claim that the Best Western operated by Defendants violates numerous provisions of the ADA. *See id.* ¶ 13. Payne stayed overnight at the Best Western on April 24, 2012. *Id.* ¶ 6. During her stay, Payne alleges that she "encountered architectural barriers" that "endangered her safety." *Id.* ¶ 8. Payne identifies thirty-four alleged violations of the ADA at the Best Western. *See id.* ¶ 13. Plaintiffs note, among other things, a lack of ADA compliance in the parking lot, in restrooms, and in inaccessible services throughout the facility. *See id.*

On November 2, 2012, Plaintiffs submitted the subject Complaint, which seeks a declaratory judgment that Defendants are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq. See* Pls.' Compl., ECF No. 1. Plaintiffs also seek injunctive relief requiring ADA-compliant modifications to the Best Western. *Id.* On December 3, 2012, Plaintiffs submitted an amended complaint that added Millbank Partners as a defendant. *See* Pls.' Am. Compl., ECF No. 13. On December 21, 2012, Defendants filed their Motion to Dismiss Plaintiffs' Complaint ("Motion"). *See* Defs.' Mot. to Dismiss, ECF No. 15. In their Motion, Defendants argue that Plaintiffs have failed to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and lack standing under Article III of the United States Constitution. On January 11, 2013, Plaintiffs filed a response to Defendants' Motion. *See* Pls.' Resp., ECF No. 18. On January 28, 2013, Defendants filed a reply. *See* Defs.' Reply, ECF No. 21.

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff. *Edwards v.*

---

[1] Congress, finding that "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society," passed the Americans with Disabilities Act in 1990. 42 U.S.C. § 12101(a)(1). The general purpose of the ADA is to eliminate discrimination against people with disabilities as defined by the Act. *See* 42 U.S.C. § 12101(b). Title III of the ADA prohibits discrimination in places of public accommodation. *See* 42 U.S.C. § 12182.

*City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). After review, this Court determines that Plaintiffs have failed to establish standing and that their Complaint does not state a claim upon which relief can be granted. Therefore, Defendants' Motion to Dismiss is GRANTED and Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

<p style="text-align:center">STANDARD OF REVIEW</p>

I.  **Motion to Dismiss Pursuant to Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a suit because it lacks subject matter jurisdiction over the case. *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). A motion to dismiss under Rule 12(b)(1) may be framed in either of two ways. First, a defendant may assert that the facts alleged in the complaint are insufficient to determine whether the court has subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When considering a motion made pursuant to Rule 12(b)(1) under this reason, the court must assume that the facts alleged in the complaint are true, and the motion must be denied if the facts in the complaint justify the invocation of the court's subject matter jurisdiction. *Id.*

Alternatively, a defendant may attack the veracity of the jurisdictional allegations in the complaint. *Id.* In this situation, the court "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* at 193. When attacking a complaint for this reason, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* at 192. When the jurisdictional allegations are inextricably intertwined with the facts central to the merits of the claim, however, the usual presumption of truthfulness should attach to the factual allegations of the complaint, and the court "should then afford the plaintiff the procedural safeguards—such as discovery— that would apply were the plaintiff facing a direct attack on the merits." *Id.* at 193.

**II. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court provides guidance on how to rule on such motions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation

omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

## ANALYSIS

**I.   Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing**

Defendants argue that Payne and NAA lack standing to seek a declaratory judgment and injunctive relief for the alleged ADA violations. *See* Defs.' Mot. to Dismiss at 8-27. Article III of the United States Constitution limits federal courts to adjudicating only "actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). To establish standing before a federal court, a plaintiff must demonstrate a "'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution" of a case. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

The doctrine of standing consists of three elements: (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "fairly traceable" to the defendant's challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). When assessing standing before a federal court, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. In this case, Plaintiffs bear the burden of proof in demonstrating that they have standing before this Court. *Id.* Defendants' contention is based on the first element of *Lujan*, which states that a plaintiff must suffer an "injury in fact" in order to have standing to bring a case. 504 U.S. at 560.

Specifically, Defendants argue that Plaintiffs lack standing to seek injunctive relief, because they fail to make a sufficient showing that Payne will suffer a future injury at the Best Western. *See* Defs.' Mot. to Dismiss at 12. When seeking injunctive relief, a plaintiff must establish a "real and immediate threat" that she will sustain some future, direct injury as a result of the conduct challenged in the complaint. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). A court may consider a prior injury as probative "evidence bearing on whether there is a real and immediate threat of repeated injury." *Id.* at 102 (internal quotation marks omitted); *see also Adarand Constructors, Inc. v. Pena*, 515 U.S. 200,

210-11 (1995); *Suhre v. Haywood Cnty.*, 131 F.3d 1083, 1091 (4th Cir. 1997). The complaint, however, must satisfy two elements. First, it must describe concrete, specific plans to return to the locus of the injury. *See Lujan*, 504 U.S. at 564. Second, it must indicate that the plaintiff is likely to suffer the same type of injuries upon her return. *See id.* Defendants challenge Plaintiffs' request for injunctive relief on the grounds that Payne has not sufficiently manifested intent to revisit the Best Western. *See* Defs.' Mot. to Dismiss at 12-25. Moreover, Defendants argue that Payne has not shown that she is likely to suffer the same injuries if she returns. *See id.* at 10. This Court finds that Payne has sufficiently alleged an intent to return to the Best Western, but has not demonstrated a threat of future injury.

    A.  *Intent to Return*

Defendants claim that the facts of this case indicate that Payne is unlikely to return to the Best Western; thus Plaintiffs have failed to show the necessity for injunctive relief. *See id.* at 12. Defendants ask this Court to apply a four-factor standing analysis for ADA cases first set out in *D'Lil v. Stardust Vacation Club*, No. 00-1496, 2001 WL 1825832 (E.D. Cal. Dec. 21, 2001). Under this test, a court looks to (1) the proximity of the plaintiff's residence to the place of the business; (2) the plaintiff's past patronage of the business; (3) the definitiveness of the plaintiff's plan to return to the business; and (4) the plaintiff's frequency of nearby travel. *Id.* at *3. Defendants request that this Court use this test, because other districts courts in the Fourth Circuit have done so. *See, e.g.*, *Nat'l Alliance for Accessibility, Inc., v. Macy's Retail Holdings, Inc.*, No. 11-877, 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012); *Norkunas v. Park Rd. Shopping Ctr.*, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011); *Harty v. Luihn Four, Inc.*, 757 F. Supp. 2d 547, 554 (E.D.N.C. 2010).

This Court declines to apply the *D'Lil* test. The United States Court of Appeals for the Fourth Circuit did not endorse this test in an unpublished decision, *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 129 (4th Cir. 2012), stating that "the use of this type of analysis in some cases . . . overly and unnecessarily complicates the issue at hand." While the Court noted that the *D'Lil* test may apply to other cases, it found that the use of this test would be inappropriate in *Daniels*. *Id.* In the present case, Payne is a Florida resident who frequently visits Washington, D.C., and the surrounding area. *See* Pls.' Compl. ¶

6

7. The *D'Lil* four-factor test does not address instances of occasional, long-distance travel—the sort of activity at issue in this case. Therefore, this Court declines to adopt the *D'Lil* test endorsed by Defendants.

Payne has alleged that she will return to the Best Western on April 22, 2013, as "an overnight guest of the hotel to avail herself of the goods and services . . . at the property." Pls.' Am. Compl. ¶ 6. Payne has clearly stated her intent to return, and this Court has no reason to doubt the veracity of her claim at this stage in the proceedings. *See Daniels*, 477 F. App'x 125 at 129. As in *Daniels*, this Court "must accept [Payne's] allegation as true for purposes of the motion to dismiss." *Id.* at 130. Therefore, Plaintiffs have sufficiently alleged Payne's intent to return to the locus of the injury, satisfying the first requirement when seeking injunctive relief. *See Lujan*, 504 at 564.

B.  *Possibility of Future Harm*

While Payne sufficiently shows an intent to return, she fails to demonstrate that she faces the threat of similar injuries as those she allegedly suffered during her last visit to the Best Western. The second element Plaintiffs must show for injunctive relief is the likelihood of suffering future harm at the hotel. *See Lujan*, 504 U.S. at 564. In this case, Plaintiffs' Complaint merely lists Payne's observations of potential ADA violations. *See* Pls.' Am. Compl. ¶ 8. Payne fails to allege the specific facts surrounding her encounters with noncompliant facilities that caused her injury. *See id.* ¶ 13. She also fails to allege a specific future intent to use any of the allegedly noncompliant facilities. *See Nat'l Alliance for Accessibility, Inc., v. CMG Bethesda Owner LLC*, No. 12-1864, 2012 WL 6108244, at *4 (D. Md. Dec. 07, 2012). Without these facts, and armed only with boilerplate statements that certain violations of the ADA exist, Plaintiffs fail to demonstrate more than a "mere possibility" of future harm. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Furthermore, Payne, as she does in her other cases in this Court, uses a form template for her Complaint. As this Court has recently pointed out, "use of a form template used in hundreds of prior lawsuits, while not itself improper, calls into question the plausibility of her specific allegations." *Id*. Reviewing the plausibility of Plaintiffs' complaint, this Court in *CMG Bethesda* observed that Payne's

allegations of "architectural barriers" were too broad, and that the complaint did not sufficiently describe which violations would cause harm to Payne during her second visit to the hotel. *Id.* Plaintiffs' allegations suffer from similar flaws in this case. For example, Plaintiffs allege that "some of the restrooms do not provide the required amenities for public use" and that "the dispensers provided in the restroom are in violation of . . . the ADAAG." Pls.' Am. Compl. ¶ 13. Without any factual support for these observations, this Court can only speculate as to the type of harm Payne is likely to face upon her return to the Best Western. Thus Plaintiffs have not established a plausible basis of future injury.

In summary, this Court finds that Plaintiffs do not have standing to pursue injunctive relief, and dismisses their case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for absence of subject matter jurisdiction. First, Plaintiffs' allegations fail to confer standing on Payne. While Payne has demonstrated a sufficient intent to return to the locus of her alleged injuries, she has not identified the future, imminent harm that she will personally suffer during her second visit. Consequently, NAA has failed to demonstrate that one of its members has standing to sue. In order to establish organizational standing, NAA must show that one of its members "would otherwise have standing to sue in their own right." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Because this Court finds that Payne lacks standing, and NAA has not alleged that any of its other members has standing to bring its ADA claims against Defendants, NAA also lacks standing before this Court.

In addition to Plaintiffs' lack of standing to seek injunctive relief, this Court also finds that Plaintiffs do not have standing to seek a declaratory judgment. This Court has stated that "the standing requirements for declaratory relief and injunctive relief are essentially the same." *Gardner v. Montgomery Cnty. Teachers Fed. Credit Union*, 864 F. Supp 2d 410, 421 (D. Md. 2012) (citation omitted). In order to have standing to seek a declaratory judgment, Plaintiffs must allege a harm that is "real and imminent." *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). As discussed above, Plaintiffs have failed to show anything more than a mere possibility of future harm. Therefore, they have failed to demonstrate standing for both injunctive relief and a declaratory judgment. Notwithstanding this

case's lack of subject matter jurisdiction, this Court will also address whether Plaintiffs have adequately stated a claim.

**II. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendants argue that Plaintiffs have failed to make specific allegations that establish a claim for relief. *See* Defs.' Mot to Dismiss at 28. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it does not allege "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case, the only actual harm alleged by Payne is that she "encountered architectural barriers" that "endangered her safety." Pls.' Am. Compl. ¶ 8. Furthermore, nearly every alleged violation observed by Payne simply states that some general area or feature of the hotel violates a specific provision of the ADA Accessibility Guidelines, without specifying what the guidelines say or how the Best Western does not comply with them. *See id.* ¶ 13. These "mere conclusory statements" couched as factual allegations cannot serve as facts sufficiently alleging discrimination prohibited by the ADA. *Iqbal*, 556 U.S. at 679. This Court has previously dismissed a similarly deficient complaint by Plaintiffs because it lacked the necessary facts to state a claim. *See Nat'l Alliance for Accessibility, Inc. v. Annapolis Plaza, LLC*, No. 12-1866, 2013 WL 245771 (D. Md. Jan. 18, 2013). As in *Annapolis Plaza*, Plaintiffs have failed to state specific factual details to support their threadbare conclusions that the hotel has violated the ADA. Therefore, Plaintiffs have failed to state a claim under the ADA and their Complaint seeking a declaratory judgment and injunctive relief is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Defendants Millbank Hotel Partners and Millbank Partners' Motion to Dismiss (ECF No. 15) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: February 20, 2013

_________/s/________________________
Richard D. Bennett
United States District Judge