IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and DENISE PAYNE, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-3223 |
| MILLBANK HOTEL PARTNERS and MILLBANK PARTNERS, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before this Court is the Motion of Plaintiffs National Alliance for Accessibility, Inc., and Denise Payne for Leave to File a Second Amended Complaint (ECF No. 24). Defendant Millbank Partners[1] opposes Plaintiff's Motion on the grounds that they lack standing and have failed to state a claim upon which relief can be granted. (ECF No. 25). The Court has reviewed the submissions by both parties and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED.

### FACTUAL & PROCEDURAL BACKGROUND

This Court accepts as true the facts alleged in the Plaintiffs' Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). The facts of this case are thoroughly described in the Memorandum Opinion issued by this Court on February 20, 2013 (ECF No. 22) and will

---

[1] Plaintiffs' Amended Complaint named both Millbank Hotel Partners and Millbank Partners as defendants. Plaintiffs' Proposed Second Amended Complaint eliminates the references to Millbank Hotel Partners and names only Millbank Partners. Accordingly, only Millbank Partners responds to Plaintiffs' Motion for Leave to File Second Amended Complaint.

not be recited in full here. *See* Mem. Op. 2/20/2013, pp. 1-3 (ECF No. 22). Suffice it to say, Plaintiff Denise Payne ("Payne") is a wheel-chair bound person with cerebral palsy, and Plaintiff National Alliance for Accessibility, Inc. ("NAA") is a non-profit entity whose stated purpose is to ensure compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12181, in places of public accommodation. *Id.* at 1-2. Defendant Millbank Partners owns and operates a Best Western Hotel ("Best Western") located on Riva Road in Annapolis, Maryland. *Id.* at 2. Plaintiffs allege numerous violations of the ADA at Defendant's Best Western, where Payne was an overnight guest on April 24, 2012. *Id.* at 2.

On February 20, 2013, this Court dismissed Plaintiffs' Amended Complaint without prejudice, finding that Plaintiffs lacked standing and had failed to state a claim (ECF No. 22). Subsequently, Plaintiffs filed a Motion for Leave to File Second Amended Complaint on February 25, 2013 (ECF No. 24). Plaintiff's attached a Proposed Second Amended Complaint to their Motion as Exhibit 1 (ECF No. 24-1). The Proposed Second Amended Complaint contained several additions that aimed to explain the effect of the various ADA violations on Ms. Payne. In addition, the Proposed Second Amended Complaint added a sentence re-emphasizing that Ms. Payne planned to return to the Best Western on April 22, 2013.[2] On March 14, 2013, Defendant Millbank Partners filed a response to Plaintiffs' Motion (ECF No. 25), arguing that Plaintiffs still lacked standing to bring suit and that amendment would be futile. Def.'s Opp'n, p. 8, 3/14/2013, ECF No 25.

---

[2] Plaintiffs' original complaint stated Ms. Payne's plans to return to the Best Western. Pls.' Compl. ¶ 6, ECF No. 1. Plaintiff's Proposed Second Amended Complaint revises the same paragraph to state that Ms. Payne plans to return "pursuant to a confirmed reservation." Pls.' Proposed Sec. Am. Comp., ¶ 6, ECF No. 24-1. In addition, Plaintiffs reemphasized this point later in the Proposed Second Amended Complaint, stating that "Plaintiff Denise Payne intends to return to Defendant's facility on April 22, 2013." *Id.* ¶ 8. There is no contention that she ever returned.

STANDARD OF REVIEW

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011), and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The U.S. Court of Appeals for the Fourth Circuit has stated that Rule 15 "gives effect to the federal policy in favor or resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

ANALYSIS

While this Court recognizes the liberal standard under which leave to amend a complaint is generally evaluated, resolution of this case requires consideration of a more fundamental principle of federal court jurisdiction. Ultimately, this Court finds that amendment would be futile because Plaintiffs' suit, as alleged in the Proposed Second Amended Complaint, is moot.[3]

**A. Plaintiffs' Case Is Now Moot.**

---

[3] The Court recognizes Millbank Partner's position that Plaintiffs' Motion for Leave to File a Second Amended Complaint is untimely considering that no motion to vacate the court's February 20, 2013 ruling was filed pursuant to Rule 59(e). *See* Def.'s Opp'n, at p. 2-3. The court, however, exercises its discretion to interpret the Plaintiffs' Motion as both a motion to vacate and a motion seeking leave to amend. *See* 15 Moore's Federal Practice – Civil § 15.13[2] (3d. ed.) ("If a plaintiff files a post-judgment motion in the district court that merely seeks leave of court under Rule 15(a)(2) to amend the complaint, the district court has the discretion, but is not required, to treat the motion as including either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60 motion for relief from judgment."). Under the circumstances, this Court addresses the mootness of the case as a whole.

Article III of the U.S. Constitution provides that federal courts have jurisdiction over *only* "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. And as the United States Supreme Court has made clear, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). As this Court has previously noted in other actions filed by the Plaintiffs in this case, in suits seeking injunctive or declarative relief, plaintiffs must demonstrate a personal stake in the outcome that "exist[s] at the commencement of the litigation (standing) [and] . . . continue[s] throughout its existence (mootness)." *Nat'l Alliance for Accessibility v. CMG Bethesda Owner LLC*, No. JFM-12-1864, 2012 WL 6108244, at *8 (D. Md. Dec. 7, 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The issue of mootness may be raised *sua sponte* because "mootness goes to the heart of the Article III jurisdiction of the [federal] courts." *Nat'l Alliance for Accessibility, Inc. v. C1 Maryland Business Trust*, No. PWG-12-3224, 2013 WL 4229262, at *4 (D. Md. Aug. 14, 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

Applying these principles to this case, Plaintiffs must demonstrate that (1) there is a "real and immediate threat" of "some future, direct injury"; (2) Plaintiffs have "concrete, specific plans to return to the locus of the injury"; and (3) Plaintiff Payne "is likely to suffer the same type of injuries upon her return." Mem. Op., 2/20/2013, pp. 5-6. This Court emphasized these requirements in its February 20, 2013 Memorandum Opinion (and District Judge Paul Grimm also reiterated them in an August 14, 2013 Memorandum Opinion and Order in a case brought by the same Plaintiffs). *Id.*; *C1 Maryland Business Trust*, 2013 WL 4229262, at *4-*5.

Nevertheless, Plaintiff's Proposed Second Amended Complaint now fails to adequately address these issues and, as such, is moot. Specifically, Plaintiffs originally alleged that Payne

4

would return to the Best Western on April 22, 2013. Pls.' Compl. ¶ 6. That allegation has remained unchanged in Plaintiffs' Proposed Second Amended Complaint. Pls.' Proposed Sec. Am. Compl. ¶ 6. As it is now September of 2013, Payne's planned return date has passed and there is no contention that she did in fact return. Plaintiffs do not allege that Payne or any other NAA member plans to visit the Best Western on any other date in the future. Nor have Plaintiffs taken any other action to address the mootness issue in the five and a half months since April 22, 2013. Accordingly, Ms. Payne no longer has a "personal interest in the outcome of this litigation," and the case is now moot with respect to her claims. *Cf. CMG Bethesda*, 2012 WL 6108244, at *5 (dismissing complaint as moot where plaintiff stated intent to return on a specific date, that date passed, and plaintiff did not amend to state intent to return at a future date); *C1 Maryland Business Trust*, 2013 WL 4229262, at *6 (same).

The case is now moot with respect to NAA as well. As this Court stated in *C1 Maryland Business Trust*, "[a]n association cannot bring a suit on behalf of its members if no individual member can maintain the suit." 2013 WL 4229262, at *6; s*ee also Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 342 (1977) ("'[To] have standing solely as the representative of its members,' an "association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable cause had the members themselves brought suit.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). Because there is no allegation that Ms. Payne nor any other member of NAA plans to return to the Best Western, there is no individual who can justify NAA's further presence in this case.

**B. Because Plaintiffs' Case Is Now Moot, Amendment Would Be Futile.**

As this case involves a motion for leave to amend, the procedural posture is slightly different than those raised in *CMG Bethesda* and *C1 Maryland Business Trust*; accordingly, a few more points are necessary. Generally, leave to amend is liberally granted after a motion to dismiss without prejudice. *See Lance*, 199 F. Supp. 2d at 300-01. However, where amendment would be futile, the district court has discretion to deny the motion for leave to amend. *See Equal Rights Center*, 602 F.3d at 603. Specifically, the motion may be denied on futility grounds "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Here, Plaintiffs' Proposed Second Amended Complaint is clearly insufficient as the issues raised by the Second Amended Complaint are now moot. Accordingly, Plaintiffs' Motion for Leave to File a Second Amended Complaint is futile. *See Alpha Iota Omega Christian Fraternity v. Moeser*, 2006 U.S. Dist. LEXIS 28065, at *35 (M.D.N.C. May 4, 2006) ("Plaintiffs' motion for leave to file the proposed amended complaint is futile because even if it were allowed, the case would still be moot and because it is based on an outdated, and therefore false, state of affairs.").

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 24) is DENIED.

A separate Order follows.

Dated: September 11, 2013

/s/_____
Richard D. Bennett
United States District Judge